**(126 So. 62)**

**No. 29897.**

**SACCO v. KOEPP et al.**

Jan. 6, 1930.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans (Morris B. Redmann, of New Orleans, of counsel), for appellant.

Spearing & Mabry and Wm. H. McClendon, Jr., all of New Orleans, for appellee United States Fidelity & Guaranty Co.

Paul W. Maloney, of New Orleans, for appellee Ebeyer & Winteler.

Pomes & McCabe, of New Orleans, for James Demoruelle & Sons.

John J. Reilley, of New Orleans, for R. D. Pitard Hardware Co., Inc.

Edw. Dinkelspiel, of New Orleans, for Peter Judlin, Inc.

O'NIELL, C. J. This suit was brought by the owner of a building, against the contractor who built it, and the surety on his bond, and against ten codefendants who had recorded liens on the property for materials furnished in the construction of the building. The suit is called by the plaintiff a concursus proceeding, and is brought under authority of

Act No. 139 of 1922, p. 290, for the purpose of canceling the liens on the property and relieving the owner from liability for the debts of the contractor and his surety, for work done or materials used in the construction of the building. The suit was dismissed on an exception of no cause or right of action. The plaintiff has appealed from the decision.

For the purpose of deciding whether the plaintiff has a right of action under the statute, we accept as true the facts alleged in his petition. On the 20th of September, 1924, he entered into a verbal agreement with the contractor, George H. Koepp, for the construction of the building, and gave Koepp, "in payment of the contract price," as he avers, a promissory note for $5,548.50, bearing 8 per cent. interest per annum from date, made payable to the order of the maker and indorsed by him, and therefore negotiable by mere delivery, and secured by mortgage on the lot on which the house was to be built. It was stated in the act of mortgage, a certified copy of which was annexed to Sacco's petition, that the debt of $5,584.50 was for borrowed money, which George H. Koepp had that day loaned and advanced to Sacco. On the 3d of October, 1924, which was thirteen days after the note was given, the contract for the construction of the building was reduced to writing, in the form of a letter signed by Koepp, addressed to Sacco and accepted by him, in which Koepp declared merely that he thereby agreed to construct in a workmanlike manner a four-room, double, frame dwelling, on lot A, in square bounded by Annunciation, Erato, Constance, and Gaienne streets, as per plans and specifications of St. Amand and Koepp, for the price and sum of $5,500. This contract, together with the contractor's bond for $5,500, with the United States Fidelity & Guaranty Company as surety, was recorded in the mortgage office on the 14th of October, 1924. It was stipu-

lated in the bond that it was given in accordance with the provisions of Act 139 of 1922, and in fact the condition of the bond was, as required by the statute, that the contractor should faithfully perform all of the obligations assumed by him in the contract dated the 3d of October, 1924, and promptly pay all workmen, etc., employed in the construction of the building, and all claims for materials used therein. On the 4th of February, 1925, Sacco recorded in the mortgage office his acceptance of the work done under the contract.

He did not deposit in court any sum of money for the defendants to litigate over, as the amount or balance due under the contract. On the contrary, he averred that the negotiable mortgage note which he had given to the contractor, thirteen days before the date of the written contract, "was given to the said George H. Koepp in payment of the contract price for the erection of said building, which contract price was then agreed upon, and was thereafter agreed upon in writing, as evidenced by the said written contract of October 3rd, 1924." And the plaintiff alleged that he was informed and believed, and on such information and belief averred, that George H. Koepp had negotiated the promissory note of $5,548.50 before its maturity and in due course, and had received the full proceeds thereof, and that he (plaintiff) would be called upon to pay the note in full in the hands of a holder in due course.

This suit was filed fourteen months after the date of maturity of the note of $5,548.50. Considering, therefore, that the note bears interest at the rate of 8 per cent. per annum from its date, the plaintiff's intimation that he does not know of his own knowledge that Koepp has negotiated the note, or who owns the note, and the intimation that plaintiff has not yet been called upon to pay even the interest on the note, gives the suit the aspect

of a case in which the plaintiff and the defendant Koepp have undertaken, to the prejudice of the lienors and the surety company, to make it impossible that any part of the contract price of the building should go to pay for work done or materials used therein. That aspect of the case is enlarged somewhat by the fact that George H. Koepp answered the suit, in his own proper person, by declaring merely that he admitted every allegation in the plaintiff's petition and submitted the matter to the court. That, however, is a matter which we are not now concerned with, except in so far as it may be important in determining whether the plaintiff had the right to provoke this concursus proceeding, under the provisions of Act No. 139 of 1922, without depositing in court the contract price of the building.

▮ The second section of Act No. 139 of 1922 declares that, when the owner of the building files a concursus proceeding, he shall deposit in court whatever funds, if any, remain in his hands after paying the cost of completing the building, if he was compelled to complete it by reason of a default on the part of the contractor. The sixth section of the statute declares that a building contract may provide for partial payments as the work progresses, and that any payment made by the owner *strictly in accordance with the contract* shall absolve him from further liability, provided he has exacted a bond and has recorded the contract and bond, as required by the statute. In this case, according to the plaintiff's allegations, all of the contract price of the building was paid in advance, which was not in accordance with the contract, for it showed on its face, by necessary implication, that the price was to be paid on completion and delivery of the building. Article 2550 of the Civil Code declares that, in a contract of sale, if no stipulation is made as to the

time of payment of the price, it is payable at the time of delivery of the thing sold; and the rule is essentially applicable to a contract for the construction of a building where the contractor is to furnish everything in the way of labor and material and deliver the building complete. No one reading the recorded contract in this case would have believed that the price of the building was already paid, or that the consideration for the contract was a debt already owed by the contractor to the owner of the property. That is virtually, if not exactly, what the plaintiff alleges was the consideration for this contract. Our conclusion, therefore, is that the advance payment which the plaintiff made by giving his negotiable promissory note to the contractor was not a payment "strictly in accordance with the contract," as the statute provides for absolving the owner from further liability therefor, and that the plaintiff, therefore, has not a right of action, by this so-called concursus proceeding, to compel the furnishers of materials used in the construction of the building, or the workmen employed by the contractor, to look only to the contractor and the surety on his bond for the payment of their claims.

▮ Appellant's counsel argue that the exception of no cause or right of action should be overruled on the ground that the defendants who are claiming liens for materials sold the materials to the Star Lumber Company, Inc., and not to the contractor, Koepp. The exception of no cause or right of action was filed first by the United States Fidelity & Guaranty Company, and was referred to the merits of the case. To refer such an exception to the merits is the same as to overrule it. Thereafter another defendant, Ebeyer & Winteler, who had furnished materials that were used in the construction of the building, also filed an exception of no cause or right

of action, which exception was overruled by the judge. The defendants were then compelled to answer the plaintiff's petition. After they had answered, the judge, at the request of one of them, appointed a commissioner to take testimony. When some of the testimony had been taken, the commissioner having made no report, one of the defendants, James Demoruelle & Sons, Inc., who had furnished materials that were used in the construction of the building, filed again the exception of no cause or right of action; and the judge then sustained the exception and rendered judgment dismissing the plaintiff's suit. It was in the taking of testimony before the commissioner that it developed that the defendants who had furnished materials that were used in the construction of the building had charged the materials to the Star Lumber Company, Inc., and had recorded their claims and served the notices accordingly. It appears that the contractor, Koepp, was a member of the Star Lumber Company, Inc., and that some of the furnishers of materials, if not all of them, were under the belief that the orders for the materials came from the lumber company. In the act of mortgage securing the payment of the note of $5,548.50, a certified copy of which act is annexed to the plaintiff's petition, it is said that the note is payable at the office of the Star Lumber Company, Inc., in New Orleans. The evidence shows, as to some of the claims at least, that the materials for which the defendants are claiming liens were delivered at the plaintiff's premises, and were actually used by the contractor, Koepp, in the construction of the building. It was not alleged in the plaintiff's petition that the materials for which the defendants claimed liens were sold to the Star Lumber Company, Inc., or not sold to the contractor, Koepp. On the contrary, it was alleged that the United States Fidelity & Guaranty Company, as surety on the bond of the contractor, Koepp, was bound in solido with Koepp to all of the furnishers of labor and materials named as defendants in the plaintiff's petition, which was the same as to say that Koepp owed the debts due to the defendants who had furnished labor or materials in the construction of the building. Therefore it cannot be well said that these furnishers of materials, who were made defendants in this suit, have no interest in pleading the exception of no cause or right of action; and it cannot be denied that the United States Fidelity & Guaranty Company has an interest in urging the plea of no cause or right of action. The judgment dismissing the present suit for want of a right of action will not prevent the plaintiff from contending in an appropriate proceeding, if he is not estopped by his allegations in the present suit, that the materials for which the defendants claim liens were sold to the Star Lumber Company, Inc., and not to the contractor, Koepp. We do not express an opinion now as to the validity of the liens claimed by any of the defendants.

The judgment is affirmed.